BART M. BOTTA, CA State Bar No. 167051
JING TONG, CA State Bar No. 285061
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile:  (949) 752-0953
Bart@rjlaw.com, Jing@rjlaw.com

Attorneys for Plaintiff
JOHNSTON FARMS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTON FARMS, a general partnership,<br><br>Plaintiff,<br><br>v.<br><br>FRESH GROWERS DIRECT, INC., a corporation; YUVAL YUSUFOV, an individual; GILL GOLDMAN, an individual,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **BREACH OF FIDUCIARY DUTY**<br>5. **UNJUST ENRICHMENT**<br>6. **DECLARATORY RELIEF**<br>7. **CONVERSION**<br>8. **FOR FINANCE CHARGES AND RECOVERABLE ATTORNEYS' FEES** |

///

1

Plaintiff JOHNSTON FARMS ("Johnston" or "Plaintiff") hereby complains and alleges as follows:

# I.

# JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff is and during all times herein has been a general partnership organized and doing business under the laws of the State of California, with its principal place of business in the City of Edison, State of California.

3. Plaintiff is informed, believes and thereon alleges that defendant FRESH GROWERS DIRECT, INC. ("Fresh") is and during all times relevant herein was a corporation with its principal address of 2405 E. Laura Court, Visalia, California 93292.

4. Plaintiff is informed, believes and thereon alleges that Defendant YUVAL YUSUFOV ("YY"), is an individual who during all times material herein was an officer, director, shareholder, and/or controlling insider of Fresh, and who at all relevant times herein maintained a principal place of business located in the City of Visalia, State of California.

5. Plaintiff is informed, believes and thereon alleges that Defendant GILL GOLDMAN ("GG"), is an individual who during all times material herein was an officer, director, shareholder, and/or controlling insider of Fresh, and who at all relevant times herein maintained a principal place of business located in the City of Visalia, State of California.

6. YY and GG are sometimes referred to herein as "the Individual Defendants."

7. Fresh and the Individual Defendants are referred to collectively herein as "Defendants."

8. Plaintiff is informed, believes and thereon alleges that the Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of Fresh and who are and during relevant times herein were statutory trustees under the PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Fresh)

9. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 8 inclusive, of this Complaint as though fully set forth herein.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Fresh was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

11. Between on or about December 16, 2015 and February 15, 2016, in a series of transactions, Plaintiff sold perishable agricultural commodities to Defendant Fresh at said Defendant's request, which was transported in interstate commerce to Defendant in Brooklyn, NY, for which said Defendant Fresh agreed to pay Plaintiff in the principal amounts at least as great as the sum of $111,510.00.

12. At or about the date of each transaction described above, Plaintiff forwarded to Defendant Fresh invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling the principal amount of $111,510.00.

13. Plaintiff has repeatedly demanded that Defendant Fresh pay the amounts due and owing under the invoices. However, said Defendant has failed and refused, and

continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

14.  Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

15.  As a direct and proximate result of the failure of Defendant Fresh to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative losses in the amount of at least $111,510.00, plus recoverable attorney's fees and finance charges at the rate of 1.5% per month pursuant to the written agreements between the parties.

## III.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

16.  Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17.  Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and operating under a valid PACA license number 20090530.

18.  Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Defendant Fresh was engaged in the business of buying and selling perishable agricultural commodities as defined by PACA in wholesale and jobbing quantities and was operating under PACA license number 20150596.

19.  The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce between California and New York.

20.  Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant Fresh, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural

4

commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

21. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $111,510.00 as separately set forth above, for the perishable agricultural commodities sold to Defendant Fresh, all of which remains past due and unpaid.

22. Plaintiff is informed and believes for the reasons alleged herein above, that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

23. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

24.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative principal loss of at least $111,510.00, plus recoverable attorney's fees and finance charges in amounts to be proven, all of which qualifies for protection under the PACA trust.

## IV.

## THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act:  Failure to Account And Pay Promptly Against All Defendants)**

25.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth herein.

26.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

27.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative principal loss of $111,510.00 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

**(For Breach of Fiduciary Duty Against All Defendants)**

28.     Plaintiff hereby realleges and incorporates by reference paragraphs 1

1  through 27, inclusive, of this Complaint as though fully set forth herein.

2      29.    Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Individual Defendants were the controlling officers, directors, members, and/or shareholders of Defendant Fresh.

    30.    As the controlling officers, directors, members, and/or shareholders of Defendant Fresh, the Individual Defendants had and continue to have a duty to ensure that Defendant Fresh fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligations became due.

    31.    Plaintiff is informed, believes and thereon alleges that during times herein the Individual Defendants had full knowledge and responsibility for the handling of Defendant Fresh's duties as trustees of the PACA trust.

    32.    Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had and continue to have a duty to control Defendant Fresh's operations and financial dealings, including those involving the PACA Trust Assets.

    33.    Plaintiff is informed, believes and thereon alleges that Defendant Fresh breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

    34.    Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to direct Defendant Fresh to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce they supplied to Defendants.

    35.    As a direct and proximate cause and result of the Defendant Fresh and the Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $111,510.00 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

    36.    As statutory PACA trustees, the Individual Defendants are personally liable

to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $111,510.00, less any monies Plaintiff receives from the PACA Trust Assets.

## VI.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

37. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth herein.

38. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the amount of at least $111,510.00.

39. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

40. As a direct and proximate result of the wrongful conversion or retention of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $111,510.00, plus finance charges at the contract rate pursuant to the written invoices between the parties, plus costs, and recoverable attorneys' fees, all of which qualify for protection under the PACA trust.

## VII.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

41. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

43. Plaintiff seeks an Order of this Court declaring that its PACA trust claims

are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

44. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds are not part of Defendants' property or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## VIII.
## SEVENTH CAUSE OF ACTION
### (For Conversion Against All Defendants)

45. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 44, inclusive, of this Complaint as though fully set forth herein.

46. At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative principal amount of at least $111,510.00.

47. During times relevant herein, and continuing thereafter, Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff. Plaintiff is informed and believes and thereon alleges that

Defendants have diverted, and will continue to divert payments of the Defendants' accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to other unknown third parties.

## IX.

## EIGHTH CAUSE OF ACTION

## (For Finance Charges and Recoverable Attorneys' Fees Against All Defendants)

48. Plaintiff hereby realleges and incorporates by reference paragraphs 1 to 47, inclusive of this Complaint as though fully set forth herein.

49. Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

50. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

51. As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

52. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

53. Plaintiff's invoices contained written provisions for attorneys' fees on the face of each of the invoices submitted to Defendants. Plaintiff's invoices also contained a provisions for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from the date payment was due until paid. Each of these provisions were bargained for terms of the contract and are sums owing in connection with the transaction. Accordingly, Plaintiff is entitled to and requests judgment against

10

Defendants, jointly and severally, for pre-judgment interest and/or finance charges and costs and attorneys' fees.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION
### (For Breach of Contract)

1. For damages in the cumulative amount of $111,510.00 as against Defendant Fresh;

2. For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $111,510.00 as against Defendants;

2. For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
### (For Violation of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1. For damages in the combined amount of $111,510.00 as against Defendants;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $111,510.00 as against Defendants, jointly and severally;

3. For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff; and,

4. For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1. For judgment against the Individual Defendants and in favor of the Plaintiff in the cumulative amount of $111,510.00;

2. For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorneys' fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment - As against all Defendants)

1. For damages in the principal amount of $111,510.00;

2. For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3. For additional service charges and other charges pursuant to the written invoices between the parties;

4. For attorneys' fee and costs; and,

5. For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief -As against all Defendants)

1. For a declaratory judgment establishing that:

(a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

    (b) The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

    (c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

  2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the principal sum of at least $111,510.00;

  3. For interest or finance thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

  4. For additional service charges and other charges pursuant to the written invoices between the parties;

  5. For attorneys' fee and costs; and,

  6. For such other and further relief as this Court deems proper.

## SEVENTH CAUSE OF ACTION
### (For Conversion)

  1. For value of the monies converted in the amount of $111,510.00 as against Defendants, and each of them, jointly and severally;

  2. For interest or finance charges at the highest legal rate from the date the obligation became due and payable to Plaintiff;

  3. For attorney's fees and costs of suit incurred; and

  4. For such other and further relief as the Court deems just and proper.

////
////
////
////
////
////

# EIGHTH CAUSE OF ACTION

**(For Attorneys Fees, Costs, Finance Charges and/or Interest)**

1. For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid as separately alleged above, until all principal sums are fully paid;

2. For reasonable attorneys' fees and costs of suit incurred herein; and,

3. For such other and further relief as this Court deems proper.

Respectfully submitted,

RYNN & JANOWSKY, LLP

Dated: January 4, 2017
/s/ Bart M. Botta_____
BART M. BOTTA
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Tel:  949-752-2911
Fax:  949-752-0953
E-mail: Bart@rjlaw.com

Attorneys for Plaintiff JOHNSTON FARMS, a general partnership