# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTON FARMS, a general partnership, | Case No. 1:17-cv-00016-LJO-SKO |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SUPPLEMENT RECORD** |
| v. | (Doc. 17) |
| YUVAL YUSUFOV, an individual, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Entry of Default Judgment (the "Motion"). (Doc. 17.) The Court finds that it requires additional information from Plaintiff in order to rule on the Motion.

Plaintiff provided insufficient evidence to establish the personal liability of Defendant Yuval Yusufov, as an individual, under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* The Ninth Circuit has held that individuals associated with corporate defendants may be liable under a PACA trust theory. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282–83 (9th Cir. 1997). In *Sunkist*, after surveying the decisions concerning individual liability under a PACA trust claim, the Court stated:

> The unanimous conclusion of the cases is that PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had

> some role in causing the corporate trustee to commit the breach of trust.
>
> We agree that individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act.

*Id.* at 283 (citation omitted). Consequently, to establish personal liability, Plaintiff must make a showing that the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the liability. *See Superior Sales W., Inc. v. Revival Enterprises, Inc.*, No. SACV 13-352-JST (JPRx), 2013 WL 12136966, at *3 (C.D. Cal. June 18, 2013) (citing *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 707 (2d Cir. 2007)). Plaintiff must then show that the individuals controlled PACA trust assets and that the individuals breached their fiduciary duty to preserve those assets. *See Sunk*ist, 104 F.3d at 283.

Here, Plaintiff's complaint falls short. First, Plaintiff did not allege any facts showing that Fresh Growers Direct, Inc. ("Fresh Growers"), the licensed commission merchant, dealer and/or retailer, has insufficient assets to satisfy the liability.[1] Plaintiff did not allege any facts as to the manner in which Defendant Yusufov improperly controlled the PACA trust assets. Further, other than alleging that Defendant Yusufov is an "officer, director, shareholder, and/or controlling insider" of Fresh Growers (*see* Doc. 1 ("Compl.") at ¶ 4), Plaintiff did not present any evidence of Defendant Yusufov's active management role, or evidence of Defendant Yusufov acting for the corporation. Nor are there any facts showing how Defendant Yusufov breached his fiduciary duty.

Plaintiff instead apparently takes the position that Defendant Yusufov's role as an "officer, director, shareholder, and/or controlling insider" of Fresh Growers establishes that Defendant Yusufov "controlled or was in a position to control" Fresh Growers' assets. (*See* Memo. at 4;

---

[1] Plaintiff, relying on *Coosemans*, asserts that it need not "show that there are insufficient assets from the corporate defendant before seeking recovery from [Defendant Yusufov]." (Doc. 17-3, Memo. of P&As in Support of Pl.'s Mot. for Entry of Default J. ("Memo.") at 6.) *Coosemans*, however, does not so hold. In that case, there was evidence before the Court that the licensed dealer's assets were subject to collateral litigation with a third party and in uncollected accounts receivable. 485 F.3d at 707. The *Coosemans* court observed that "[w]hen PACA trust assets are tied up in litigation, or in the form of uncollected accounts receivable, they are insufficient to satisfy the PACA liability because they are not 'freely available' for 'prompt payment' to trust beneficiaries as the PACA regulations require," and held that "plaintiffs need not wait for the conclusion of [the dealer's] litigation or collection efforts before seeking recovery directly from [the individual defendant]." *Id.* (citing 7 C.F.R. § 46.46(d)(1), (e)). Here, unlike *Coosemans*, Plaintiff has made no showing at this stage of the proceedings that the assets of Fresh Growers Direct, Inc. are not "freely available" for "prompt payment" such that they are insufficient to satisfy the PACA liability.

Compl. ¶¶ 29–30.) In so doing, Plaintiff effectively asks the Court to impose a bright-line rule: if an individual is alleged to be an "officer, director, shareholder, and/or . . . insider," then, taking that allegation as true, *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987), he is by that fact in a position to control the PACA trust assets. This position expressly contradicts the Ninth Circuit's decision in *Sunkist*. In *Sunkist*, the Ninth Circuit concluded that the defendants may be individually liable under PACA, but not because of their formal titles. Instead, *Sunkist* explained that "[a] court considering the liability of [an] individual [under PACA] may look at 'the closely-held nature of the corporation, the individual's active management role[,]' and any evidence of the individual's acting for the corporation." *Id.* at 283 (quoting *Frio Ice v. SunFruit, Inc.*, 724 F. Supp. 1373, 1382 (S.D. Fla. 1989)). It then remanded to the district court to apply the appropriate test in the first instance. *See Bear Mt. Orchards, Inc. v. Mich–Kim, Inc.*, 623 F.3d 163, 171–72 (3d. Cir. 2010) (interpreting the Ninth Circuit's decision in *Sunkist* as focusing primarily on context when determining individual liability).

The allegations in Plaintiff's complaint are not well-pleaded beyond conclusory statements of breach of fiduciary duties. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted). Plaintiff has failed to submit sufficient evidence as set out in *Sunkist* and, as a result, Plaintiff has failed at this stage to establish the individual liability of Defendant Yuval Yusufov. *See Abbate Family Farms Ltd. P'ship v. G D Fresh Distribution, Inc.*, No. 1:12–cv–0303 LJO–BAM, 2012 WL 2160959, at *3–4 (E.D. Cal. June 13, 2012); *Wahluke Produce, Inc. v. Guerra Mktg. Int'l Inc.*, No. 1:11-CV-1981 LJO-BAM, 2012 WL 1601876, at *2–3 (E.D. Cal. May 7, 2012).

For these reasons, the Court ORDERS that Plaintiff shall file the following by no later than **Tuesday, December 12, 2017**, evidence showing that, during the relevant time period:

(1) Fresh Growers Direct, Inc. had insufficient assets to satisfy the liability;

(2) Fresh Growers Direct, Inc. was a closely-held corporation, Defendant Yusufov had an active management role in Fresh Growers Direct, Inc., and/or that Defendant Yusufov acted for Fresh Growers Direct, Inc.; and

(3) Defendant Yusufov breached his fiduciary duty to maintain PACA trust assets.

To permit Plaintiff adequate time to submit its supplemental evidence, the hearing on the Motion currently set for November 29, 2017, is hereby **CONTINUED to December 20, 2017, at 9:30 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.**

IT IS SO ORDERED.

Dated: **November 21, 2017**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE